# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

**JEFF BRASFIELD and**
**EMILY BRASFIELD,**

      **Plaintiffs,**

v.                                                                   Civil Action No. _____

**MASSACHUSETTS BAY**                         **JURY DEMANDED**
**INSURANCE COMPANY,**

      **Defendant.**

## COMPLAINT

COME NOW the Plaintiffs, Jeff Brasfield and Emily Brasfield, by and through counsel, and submit the following for their Complaint against Massachusetts Bay Insurance Company:

### PARTIES AND JURISDICTION

1. Jeff Brasfield and Emily Brasfield (hereafter by name or collectively as "Plaintiffs") are residents of Jackson, Madison County, Tennessee. At all times relevant hereto, Plaintiffs were the owners and occupants of the dwelling located at 18 Avondale Cove, Jackson, Madison County, Tennessee (the "Insured Premises").

2. Defendant, Massachusetts Bay Insurance Company (hereafter "Defendant"), which is organized in the State of Massachusetts and has its home office in the State of Massachusetts, is engaged in the insurance business in the State of Tennessee, including Madison County. Defendant is a subsidiary of the Hanover Insurance Group.

3. Jurisdiction and venue are appropriate in this Court. This dispute is between residents of different states and the amount in dispute is in excess of $75,000.00, exclusive of costs

and interest; therefore, it meets the jurisdictional requirements of this Court pursuant to the provisions of 28 U.S.C. 1332(a).

4. This Complaint originates as the result of a wind and hail storm loss that severely damaged the dwelling located on the Insured Premises, and Defendant's wrongful denial of Plaintiffs' claim for insurance proceeds.

## FACTS

5. At all times relevant hereto, Plaintiffs were the insureds pursuant to an insurance contract whereby Defendant agreed to insure the dwelling, other structures, and personal property located at the Insured Premises against property damage, bearing Policy No. HV5 9820354 (the "Policy"). The Policy is incorporated herein by reference as if set forth verbatim.

6. At all times relevant hereto, the Insured Premises consisted of a residential dwelling and surrounding area in which Plaintiffs resided.

7. The Policy provided insurance coverage for direct physical loss to the dwelling and other structures located on the Insured Premises. The Policy also provided coverage for debris removal, additional living expenses, damage to trees, shrubs, plants, and lawns, and such other insurance coverage as specifically set forth in the Policy.

8. The Policy is an "all-risks" policy, meaning that the Policy covered all risks of direct physical loss except for those specifically excluded or limited by the Policy.

9. Pursuant to the Policy, Defendant was paid an annual premium in exchange for insurance coverage on the Insured Premises. The required premiums were paid at all times relevant to this Complaint.

10. On or about March 9, 2017 or at other times within the term of the Policy, a severe wind and hail storm struck the Insured Premises, causing substantial damage to the exterior and

interior of the dwelling located on the Insured Premises (the "Loss").  As a result of the Loss, the dwelling located on the Insured Premises suffered direct physical loss, including but not limited to damage to the roof and other exterior structural components of the dwelling and other structures on the Insured Premises.

11. Below is an example of the hail damage to the dwelling's roof shingles:



12. The Policy was in effect at the time of the Loss, and the Loss is compensable under the terms of the Policy.  As it relates to the Loss, there is no applicable exclusion.

13. The roof of the dwelling on the Insured Premises was in good condition prior to the Loss but was damaged after the Loss.

14. The Loss was promptly reported to Defendant.

15. Defendant assigned the Loss a claim number –15-00940419 000.

16. Plaintiffs fulfilled all of the duties after the Loss that were imposed upon them by the Policy.

17. On or about April 9, 2018, Defendant conducted an inspection of Plaintiffs' roof and acknowledged that Plaintiffs' dwelling suffered hail damage. Defendant prepared an estimate of the damage that included a labor minimum charge for a gutter downspout and two metal vent covers, for a total of $514.75. Because this amount was less than Plaintiffs' deductible, Defendant made no payment to Plaintiffs.

18. On April 9, 2018, Defendant issued a letter to Plaintiff in which it claimed there was "no wind or hail damage to [Plaintiffs'] roof," but there were "small dings in the roof power vent covers and gutter downspout." Defendant further represented that the shingles on Plaintiffs' roof did not sustain damage as a result of wind or hail, but rather "have been affected by normal age and wear, tear, marring, and deterioration."

19. Via letter dated April 9, 2018, Defendant denied coverage for the damage to Plaintiffs' roof.

20. Defendant's representations to Plaintiffs regarding the absence of hail and wind damage to Plaintiffs' roof shingles were false.

21. Despite the fact that Plaintiffs fulfilled all duties imposed upon them by the Policy and is at no fault in this matter, Defendant has wrongfully failed and/or refused to fully and promptly pay Plaintiffs' claim for insurance proceeds.

22. Defendant's alleged reasons for denying the claim associated with the Loss are fabricated, wrongful, and done with the intent to injure/harm Plaintiffs.

## **CAUSES OF ACTION**

### **Count I - Breach of Contract**

23. The allegations contained in the paragraphs above are incorporated herein by reference as if set forth verbatim.

24. The Policy issued by Defendant is a binding contract, and is supported by valid consideration.

25. Defendant is in total material breach of the Policy and is liable to Plaintiffs in the maximum amount allowed by the Policy for the Loss. Specifically, Defendant's breach of contract includes the following without limitation: (a) failure and refusal to pay the amounts owed to Plaintiffs for the direct physical loss to the dwelling and other structures located on the Insured Premises; and (b) failure and refusal to pay such other amounts to Plaintiffs as may be required by the Policy.

26. As a result of Defendant's breach of contract, Plaintiffs sustained substantial compensable losses for the amounts claimed under the Policy, including but not limited to the replacement cost of the damage to the dwelling and other structures, plus temporary repairs and consequential damages.

27. Defendant is liable to Plaintiffs for their losses.

28. Defendant's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 436 S.W.3d 256, 276 (Tenn. Ct. App. 2013). Specifically, Defendant intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of the claim when liability was reasonably clear; (2) refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding the claim for insurance proceeds; (3) unjustly

refused and/or failed to pay the claim for its own financial preservation with no reasonable or justifiable basis; (4) failed to treat Plaintiffs' interests with equal regard to its own; (5) promised prompt action and claim-handling but then failed to provide reasonable payment for the insured losses; (6) failed and refused to pay the valid claim of Plaintiffs; (7) misrepresented relevant facts and policy provisions to Plaintiffs; (8) forced Plaintiffs to file suit in order to enforce their rights under the Policy; (9) utilized biased outcome-oriented adjusters with the goal of denying any payment to Plaintiffs; and (10) such other facts and circumstances as alleged in this Lawsuit and/or to be shown at trial.  Defendant knew, or reasonably should have known, that Plaintiffs were justifiably relying on the money and benefits due them under the terms of the Policy.  Nevertheless, acting with conscious disregard for Plaintiffs rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiffs, Defendant consciously and intentionally denied the claim and withheld monies and benefits rightfully due Plaintiffs.  Plaintiffs seek, and are entitled to, punitive damages.

WHEREFORE, as a result of the foregoing, Plaintiffs would respectfully request that this Honorable Court award a judgment against Defendant as follows:

A. For compensatory damages and punitive damages in an appropriate amount to be determined by the jury but not exceeding $500,000.00;

B. For all costs incurred by Plaintiffs as a result of this action;

C. For pre and post-judgment interest; and

D. For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand a jury of their peers.

Respectfully submitted,

GILBERT McWHERTER
SCOTT BOBBITT PLC


s/ J. Brandon McWherter
JAMES B. McWHERTER #021600
bmcwherter@gilbertfirm.com
341 Cool Springs Blvd, #230
Franklin, Tennessee 37067
Telephone: (615) 354-1144

*Attorneys for Plaintiffs*